514 S.E.2d 818

RONALD JAMES G. and Linda Elaine G., Plaintiffs Below, Appellants,

v.

GILDA GAE C., Defendant Below, Appellee,

The West Virginia Department of Health and Human Resources, Intervenor.

No. 25411.

Supreme Court of Appeals of West Virginia.

Submitted Feb. 16, 1999.

Decided March 12, 1999.

588

Teresa D. Daniel, Esquire, Harris & Daniel, Fayetteville, West Virginia, Attorney for Appellants.

Gilda Gae C., Pro Se.

Darrell V. McGraw, Jr., Attorney General, Barbara L. Baxter, Assistant Attorney General, Charleston, West Virginia, Attorneys for Intervenor.

PER CURIAM:

The appellants in this proceeding, Linda Elaine G. and Ronald James G., claim that the Circuit Court of Fayette County erred in refusing to ratify a custody agreement and award them custody of Linda Elaine G.'s young nephew, Robert Lee C., Jr. The circuit court refused to ratify the agreement on the ground that such action would be inconsistent with this Court's holding in *Overfield v. Collins*, 199 W.Va. 27, 483 S.E.2d 27 (1996).

## I.

### *Factual Background*

Robert Lee C., Jr., whose custody is an issue in this case, was born on January 28, 1991. His parents were Gilda Gae C. and Robert Lee C., Sr. Linda Elaine G., one of the appellants in this proceeding, is the sister of Gilda Gae C. and the aunt of Robert Lee C., Jr. Ronald James G., the other appellant, is Linda Elaine G.'s husband.

Shortly after Robert Lee C., Jr.'s birth, Robert Lee C., Sr. deserted him and his mother Gilda Gae C., and his whereabouts are presently unknown. Robert Lee C., Jr.'s mother suffered from a drinking problem, and shortly after his birth, the appellant Linda Elaine G. and her husband took actual custody of him and began raising him.

As Robert Lee C., Jr. approached school age, problems arose over the fact that Linda Elaine G. and her husband did not have an actual court order awarding them custody of Robert Lee C., Jr. As a consequence, the appellant Linda Elaine G. consulted with Robert Lee C., Jr.'s mother, who was her sister. Gilda Gae C., who recognized that she had a drinking problem, and who believed that it would be in the best interests of the child to place permanent custody of him with her sister and her sister's husband, agreed to enter into a custody agreement. The agreement was subsequently prepared, and in that agreement Gilda Gae C. recognized that her son had a loving relationship with Linda Elaine G. and her husband, that she, Gilda Gae C., had a severe alcohol problem, and that she believed that the interests of the child would be best served by placing permanent custody with her sister and her sister's husband. The agreement made provision for supervised visitation between the child and Gilda Gae C. It also indicated that Linda Elaine G. and her husband did not desire child support or medical insurance for the child from Gilda Gae C.

Following the execution of the agreement, Linda Elaine G. and her husband filed a petition with the Circuit Court of Fayette County in which they, in essence, prayed that the court ratify the custody agreement. Gilda Gae C. filed an answer in which she admitted all the allegations contained in the petition.

The circuit court conducted a hearing on the petition on February 27, 1998. In the course of the hearing, the trial judge indicated that he had no idea as to what was in the child's best interests. Instead, he expressed the opinion that it was unnecessary for the

court to sanction or ratify the agreement relating to the custody of the child, and he expressed the opinion that, given the holding in *Overfield v. Collins, id.,* it was questionable whether he had authority to grant the relief sought. The court, therefore, entered the order denying relief which forms the basis for this appeal.

## II.

### *Discussion*

■ In *Overfield v. Collins, id.,* this Court did not hold that a circuit court may never grant permanent custody of a minor child to a party other than one of the child's natural parents. Instead, we indicated that a circuit court may not take such action where there is no proof that the petition requesting such action was served upon the child's mother and where a notice of the hearing on such matter was not served upon the mother. Our actual holding was stated in Syllabus Point 1 of *Overfield v. Collins, id.:*

Any attempt by a non-parent to judicially change the care and custody of a child from a natural parent must precede that attempt with: (1) the filing of a petition setting forth all of the reasons why the change of custody is required; and (2) the service of that petition, together with a reasonable notice as to the time and place that petition will be heard. Following the filing and service of the petition and notice of hearing upon that petition, the natural parents whose rights are being affected shall have the right to: (1) present evidence as to the reasons why custody should not be changed; and (2) obtain a decision from a neutral, detached person or tribunal.

■ In Syllabus Point 4 of *Overfield v. Collins, id.,* the Court also stated:

If a natural parent intends to voluntarily transfer permanent custody of a child to a third person, then the document effecting that transfer should expressly provide that it is the intention of the parent to permanently transfer the custody of the child to the third person.

It is the position of the appellants in the present proceeding that *Overfield v. Collins,*

*id.,* does not deprive a circuit court from approving the type of agreement involved in the present case and that the circuit judge of Fayette County erred in holding that he was without authority to approve the agreement. In a responsive brief in this case, the West Virginia Department of Health and Human Services/Office of Social Services, agrees with the appellants' assertion and states that:

The Department believes that the court erred in declining to exercise jurisdiction in this case to grant custody of Robert Lee C . . ., Jr., to the G.'s . . ., pursuant to *Overfield v. Collins,* 199 W.Va. 27, 483 S.E.2d 27 (1996), which error resulted in the denial to Robert Lee C . . ., Jr., of his right to live in a legally sanctioned safe, permanent secure home with his aunt and uncle.

■ In examining the facts of the present case, this Court finds they are substantially different from those in *Overfield v. Collins, id* . In their quest to obtain the custody of Robert Lee C., Jr., the appellants in the present proceeding did file a petition setting forth all of the reasons why a change of custody was required, and, importantly, they served a copy of that petition on Gilda Gae C. They also provided Gilda Gae C. with notice of the hearing to be conducted in the case. Following the filing and service of the petition and notice, Gilda Gae C. was afforded the right to present evidence as to why custody should not be changed, and had the opportunity to obtain a decision from a neutral, detached person or tribunal.

It also appears that the agreement entered into between Linda Elaine G. and her husband and Gilda Gae C. comported with the requirements of Syllabus Point 4 of *Overfield v. Collins, id.,* in that Gilda Gae C. in the agreement did expressly provide that it was her intention to make a permanent transfer of custody of Robert Lee C., Jr. to Linda Elaine G. and her husband.

■ From what has been presented to this Court, it appears that the best interests of Robert Lee C., Jr. may be advanced by the court's ratification of the custody agreement in issue. The child has resided with the appellants, one of whom is his biological aunt,

for most of his life. He appears to have been well cared for and to have been loved. By formally placing custody in the appellants, certain technical problems relating to school and insurance coverage can be resolved. Additionally, an element of legal certainty and stability will be introduced which will tend to insure that he will remain in his accustomed situation and that he will retain contact with his biological mother, who, despite her own problems, does appear to care for him.

After reviewing *Overfield v. Collins, id.*, this Court concludes that it does not preclude a circuit court from considering the ratification of an agreement such as the one involved in the present case where the appropriate procedures are followed. It only precludes such action where appropriate procedures are not followed and where a minor child's parent is not afforded adequate notice of what is occurring, a situation not present in the case presently being considered. Further, this Court believes that where technical problems arise because of the absence of a formal court order settling custody, as in the present case, it is incumbent upon the court to rule where there has been adequate notice and where a mother's due process rights have been protected.

For the reasons stated above, the judgment of the Circuit Court of Fayette County is reversed, and this case is remanded with directions that the circuit court assume jurisdiction over the petition filed by the appellants and ratify the agreement in issue in this case.

Reversed and remanded with directions.